THOMAS A. COLTHURST (CABN 99493)
Attorney for the United States

FILED

Nov 03 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RODOLFO "RUDY" PADA,<br><br>　　　　Defendant. | CASE NO. CR23-00403 SI<br><br>VIOLATIONS:<br>18 U.S.C. § 1349– Conspiracy to Commit Honest Services Wire Fraud;<br>18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture<br><br>SAN FRANCISCO VENUE |

I N F O R M A T I O N

The United States Attorney charges:

Introductory Allegations

At times relevant to this Information:

1.　　Defendant RODOLFO PADA was a construction building plans engineer in the Plan Review Services department of the San Francisco Department of Building Inspection ("DBI"), employed at DBI from 1984 until on or about September 2017. PADA's responsibilities included reviewing and approving building and construction plans submitted to DBI for approval.

2.　　Co-conspirator #1 ran a San Francisco-based construction and building planning and

INFORMATION

design firm that drafted construction plans, advised on construction projects, and helped clients obtain approvals and permits for construction projects.  Co-conspirator #1 also owned and managed a construction company, that oversaw construction of residential and commercial buildings in the San Francisco bay area.  Co-conspirator #2 and Co-conspirator #3 worked with Co-conspirator #1.

3. DBI is a regulatory city agency in San Francisco responsible for overseeing enforcement of building, electrical, plumbing, and housing codes for the City of San Francisco's more than 200,000 commercial and residential buildings.  Contractors and builders submit construction plans to DBI for approval and permitting; the plans are required to be reviewed by a DBI plan checker before being approved to insure that the proposed construction plans meet city codes and regulations.

4. Co-conspirator #1, Co-conspirator #2, and Co-conspirator #3 regularly submitted building and construction plans to DBI for permitting approval.

<u>The Honest Services Fraud Scheme</u>

5. Beginning on a date unknown, but no later than August 2003, and continuing until on or about September 2017, in the Northern District of California and elsewhere, defendant PADA knowingly and with the intent to defraud, participated in, devised, and intended to devise a scheme and artifice to defraud the public of its right to the honest services of PADA, a public official, through bribes and kickbacks.

6. The objectives of the scheme to defraud were, among other objectives, to expedite and obtain approval of building plans submitted to DBI by Co-conspirator #1, Co-conspirator #2, and Co-conspirator #3's construction and building projects in exchange for personal financial benefits to PADA and others, including, but not limited to, cash payments, meals, drinks, and other benefits.

<u>Means and Methods</u>

7. In furtherance of the scheme, and to affect the objects thereof, in the Northern District of California and elsewhere, defendant PADA, along with co-conspirator #1, Co-conspirator #2, and Co-conspirator #3, and others known and unknown to the grand jury, used the following manner and means in an effort to defraud the citizens of the City and County of San Francisco of their right to the honest services of PADA and the San Francisco Department of Building Inspection:

   a. Beginning no later than August 2003 and continuing through at least September 2017,

INFORMATION                                                    2

Co-conspirator #1, Co-conspirator #2, and Co-conspirator #3, offered and paid bribes to PADA in the form of cash, free meals, drinks, intending that in return PADA approve building plans submitted to DBI by Co-conspirator #1, Co-conspirator #2, and Co-conspirator #3 for their construction projects and those of their clients.

b. On or about December 2013, PADA solicited, accepted, and received an $85,000 interest-free loan facilitated by Co-conspirator #1. PADA and Co-conspirator #1 concealed the loan by having the funds provided by Individual #1, a relative of Co-conspirator #1. As part of this loan process, PADA signed and had notarized an Installment Note falsely stating that PADA would pay a 6% annual interest rate on the loan. In fact, throughout the four-and-a-half-year period of loan, PADA paid no interest.

c. On or about May 2018, PADA paid back the $85,000 loan with a $40,000 cashier's check and a $45,000 personal check, using and causing to be used an interstate wiring in furtherance of the scheme when the funds from those checks were deposited into Individual #1's Bank of America bank account.

8. The defendant and other members of the conspiracy concealed the honest services fraud scheme and conspiracy from the City of San Francisco and DBI by not disclosing the payments, meals, and other gifts, and by making bribe payments in cash. Had the scheme been known by DBI, it would have had a natural tendency to influence, and would have been capable of influencing, the actions of DBI. Specifically, If DBI or San Francisco city officials had known about the cash payments, free meals and drinks, and an interest-free loan to PADA by individuals with business before DBI, DBI would not have allowed PADA to issue permits or approval for those individuals' building plans and projects.

9. In furtherance of the scheme and conspiracy, members of the conspiracy transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures and sounds, for the purpose of executing the scheme and conspiracy.

COUNT ONE:        (18 U.S.C. § 1349 – Conspiracy to Commit Honest Services Wire Fraud)

10. Beginning at an unknown date, but as early as in or about 2003 and continuing through in or about September 2017, in the Northern District of California and elsewhere, the defendant,

RODOLFO PADA

INFORMATION                                3

did knowingly and intentionally conspire with Co-conspirator #1, Co-conspirator #2, Co-conspirator #3, and others, known and unknown to the United States Attorney's Office, to commit honest services wire fraud, that is, having devised and intending to devise a material scheme and artifice to defraud the City and County of San Francisco (the "City'), and the citizens of San Francisco of their right to the honest and faithful services of the Department of Building Inspection (DBI) through bribery, kickbacks, and the concealment of material information, to transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 1346. All in violation of Title 18, United States Code, Section 1349.  Pada and the United States entered into an agreement tolling the statue of limitations covering the conduct alleged in this Information.

FORFEITURE ALLEGATION:         (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

11. The allegations contained in this Information are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

12. Upon conviction for the offense set forth in this Information, the defendant,

RODOLFO PADA

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations.

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

INFORMATION                                                    4

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED:  November 2, 2023                    THOMAS A. COLTHURST
Attorney for the United States

*David J. Ward*
DAVID J. WARD
ILHAM A. HOSSEINI
Assistant United States Attorneys